GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY           5860-0
esaffery@goodsill.com
LAUREN K. CHUN              10196-0
lchun@goodsill.com
999 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
NORDSTROM, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HIDEKO WATANABE,<br><br>             Plaintiff,<br><br>     vs.<br><br>NORDSTROM, INC.; JOHN DOES 1-20, MARY ROES 1-20, AND DOE CORPORATIONS AND OTHER ENTITIES 1-20,<br><br>             Defendants. | CV 19-00525<br>(Non Vehicle Tort)<br><br>DEFENDANT NORDSTROM, INC.'S NOTICE OF REMOVAL; DECLARATION OF COUNSEL; EXHIBITS "1"-"3" |

## **DEFENDANT NORDSTROM, INC.'S NOTICE OF REMOVAL**

TO:      THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

Defendant Nordstrom, Inc. ("Nordstrom"), by and through its attorneys, Goodsill Anderson Quinn & Stifel LLP, A Limited Liability Law Partnership, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Rule 11 and 81(c) of the Federal Rules of Civil Procedure, hereby petitions the above-entitled Court for removal of the matter of *Hideko Watanabe v. Nordstrom, Inc.*, Civil No. 18-1-1926-11 JHA, from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.  Removal is based upon 28 U.S.C. § 1332(a) and the procedural requirements for removal have been satisfied.  As grounds for removal, Nordstrom states as follows:

      1.      On November 30, 2018, Plaintiff Hideko Watanabe ("Plaintiff") commenced an action against Nordstrom by filing her Complaint in the Circuit Court of the First Circuit, State of Hawaii (the "State Court Action").  A copy of the Complaint is attached hereto as Exhibit "1" to the Declaration of Counsel.  The Complaint was served on Nordstrom on August 28, 2019.  *See* Court Docket, Exhibit "2" to the Declaration of Counsel.

2. The Complaint filed in the State Court Action states that Plaintiff "is and was at all times relevant" a resident of the State of Hawaii. *See* Complaint, ¶ 1.

3. The Complaint alleges that Plaintiff, who on information and belief is 80 years old, sustained injuries in a fall on the premises of the Nordstrom store in Ward Village, Honolulu, Hawaii on December 4, 2016. Complaint at ¶5. Thus, if she "is and was at all times relevant" a resident of the State of Hawaii, she was at least a resident of Hawaii from December 2016 to November 2018 when the Complaint was filed.

4. In connection with her claim for repayment from Nordstrom, Plaintiff has provided Nordstrom with a medical records release authorization form dated March 5, 2019, which specified that her home address is located in Honolulu, Hawaii, 96814. *See* Exhibit "3" – Authorization Form.

5. A natural person's citizenship for diversity purposes is determined by their state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Nevertheless, "[i]t is a longstanding principle that the place where a person lives is taken to be his domicile until facts adduced establish the contrary." *NewGen, LLC*

*v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (quotation marks and brackets omitted) (quoting *Anderson v. Watts*, 138 U.S. 694, 706, 11 S.Ct. 449 (1891)).

6.   Here, the Complaint and the authorization form demonstrate that the Plaintiff has resided in Hawaii from December 2016 to March 2019, or at the very least, that she resided in Hawaii from December 2016 to November 2018, and if she moved elsewhere, returned to Hawaii at least by March 2019. Hawaiʻi is evidently her domicile, and thus, she is a citizen of Hawaiʻi for diversity purposes.

7.   For diversity jurisdiction purposes, a corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332. The United States Supreme Court has held that a corporation's "principal place of business" is its "nerve center," which "in practice, . . . should normally be the place where the corporation maintains its headquarters[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

8.   Nordstrom, Inc. is a Washington profit corporation with its principal place of business, its headquarters, in Seattle, Washington. It is therefore a citizen of the State of Washington for diversity purposes.

9.   Complete diversity of citizenship exists between Plaintiff and Nordstrom because they are citizens of different states.

10. Based on information and belief and the allegations in the Complaint, it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted). A defendant must only prove by preponderance of the evidence, i.e. that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11. In the Complaint, Plaintiff alleges that she fell and broke her right femur – i.e. the thighbone, which is the longest and strongest bone of the body – because of spilled water outside of the Nordstrom store in Ward Village. Complaint at ¶5-6. The Complaint also alleges that the fall caused Plaintiff "serious, extreme, and permanent injuries." *Id.* at ¶6.

12. Besides extreme and permanent physical injuries, the Complaint also alleges that Plaintiff suffered "serious mental distress." *Id.* at ¶12.

13. Finally, in addition to compensatory, general, special, incidental, and consequential damages, Plaintiff also seeks punitive damages, pre-judgment and post-judgment interest, and attorneys' fees. Complaint at page 4.

5

14. Thus, although Plaintiff does not allege a specific amount of damages, this Court should consider that her claimed damages for allegedly extreme and permanent bodily injury, serious mental distress, and general, special, and punitive damages, will more than likely exceed $75,000. "Where a Plaintiff has prayed for 'compensatory and punitive or treble damages, as well as attorney's fees' this Court has held that the jurisdictional requirement is satisfied." *Minnoch v. Kaiser Found. Health Plan, Inc.*, No. CIV.08-00176DAE-BMK, 2008 WL 4527343, at *2 (D. Haw. Oct. 8, 2008) (citing *Engle v. Liberty Mut. Fire Ins. Co.*, 402 F.Supp. 2d 1157, 1160 (D.Haw. 2005)).

15. Further, Nordstrom has offered to stipulate with Plaintiff that her damages will not exceed $75,000.00 and therefore, that the amount in controversy requirements is not satisfied and diversity jurisdiction does not exist, but thus far, Plaintiff has not responded. *See* Declaration of Counsel at ¶6. The Court should also see this as evidence that the amount in controversy will exceed the jurisdictional amount. *Minnoch*, 2008 WL 4527343 at *2 (finding that, in determining whether diversity jurisdiction existed, it was relevant that plaintiff declined to represent that her damages were less than $75,000.00 in exchange for defendant's agreement not to oppose remand).

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between

Plaintiff and Nordstrom and because the amount in controversy will more likely than not exceed $75,000.00.

17. The United States District Court for the District of Hawaii encompasses the county in which the State Court Action is now pending, and therefore this Court is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

18. This Notice of Removal is being filed within thirty (30) days after the service of the Complaint and Summons on Nordstrom on August 28, 2019, and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

19. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

20. Nordstrom has not answered and/or otherwise filed any pleadings in response to the Complaint, and does not waive any defenses to the Complaint.

WHEREFORE, Nordstrom prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.

DATED:  Honolulu, Hawaii, September 27, 2019.

/s/ Lauren K. Chun
EDMUND K. SAFFERY
LAUREN K. CHUN

Attorneys for Defendant
NORDSTROM, INC.